**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC,** | § § § | |
| ***Plaintiff*,** | § § | **Case Number:** 3:22-cv-236 |
| **vs.** | § § | **Judge:** |
| | § | |
| **1.77 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 9.55 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, 0.05 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT AND 0.35 ACRES OF LAND, MORE OR LESS, PERMANENT ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-001.000, Texas Reunion, LLLP, Boa Sorte Limited Partnership, Leo and Annette Beus, SPG-Wheatley, LLLP, SPG-Swaback, LLLP, Charlesview, LLC, Cloverland Investors, LLLP, Winnipesaukee Partners, LLLP, Amsterdam Investments, LLLP, CSP-KDL, LLLP, Arizona Lemonade Springs, LLLP, KLW Investments, LLLP, Aeditus, LLC, Leo R. Beus 401(k) Profit Sharing Plan, C3B, LLLP;** | § § § § § § § § § § § § § § § § § § § § § § § | |
| **AND** | § § § | |
| **0.15 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 0.26 ACRES OF LAND, MORE OR LESS, PERMANENT SURFACE SITE EASEMENT, 0.93 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, 0.004 ACRES OF LAND, MORE OR LESS,** | § § § § § § § § § | |

PERMANENT ACCESS ROAD EASEMENT, AND 0.13 ACRES OF LAND, MORE OR LESS PERMANENT ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-001.002, Texas Reunion, LLLP, Boa Sorte Limited Partnership, Leo and Annette Beus, SPG-Wheatley, LLLP, SPG-Swaback, LLLP, Charlesview, LLC, Cloverland Investors, LLLP, Winnipesaukee Partners, LLLP, Amsterdam Investments, LLLP, CSP-KDL, LLLP, Arizona Lemonade Springs, LLLP, KLW Investments, LLLP, Aeditus, LLC, Leo R. Beus 401(k) Profit Sharing Plan, C3B, LLLP;

AND

0.61 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 1.29 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE EASEMENT, AND 0.29 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-003.000; Texas Reunion, LLLP, Boa Sorte Limited Partnership, Leo and Annette Beus, SPG-Wheatley, LLLP, SPG-Swaback, LLLP, Charlesview, LLC, Cloverland Investors, LLLP, Winnipesaukee Partners, LLLP, Amsterdam Investments, LLLP, CSP-KDL, LLLP, Arizona Lemonade Springs, LLLP, KLW Investments, LLLP, Aeditus, LLC, Leo R. Beus 401(k) Profit Sharing Plan, C3B, LLLP;

AND

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

**0.23 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY) IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-004.000; Kurjee Enterprises, Inc.; Independent Bank; Allstate BK Real Estate Holdings, Ltd.;**

**AND**

**3.14 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 5.89 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE EASEMENT, AND 0.09 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-006.000; Mike Sorrell; Mowery Farms;**

**AND**

**0.04 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-006.001; James Edward Dye; Mike Sorrell;**

**AND**

**0.14 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 1.54 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE EASEMENT, AND 1.11 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO.**

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

3

**BL12-TX-BR-006.007; Mike Sorrell;** §
**Mowery Farms;** §
§
**AND** §
§
**ANY HEIRS, SUCCESSORS AND** §
**ASSIGNS OF THE ABOVE-NAMED** §
**DEFENDANTS;** §
§
**AND** §
§
**ANY UNKNOWN OWNERS,** §
§
§
*Defendants.* §

## VERIFIED COMPLAINT FOR CONDEMNATION

Plaintiff Florida Gas Transmission Company, LLC ("Plaintiff" or "FGT"), by and through counsel, files this Verified Complaint for Condemnation ("Verified Complaint" or "Complaint") pursuant to the Natural Gas Act ("NGA"), 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1. FGT seeks an order of condemnation for and judgment awarding FGT the permanent pipeline easements, temporary work space, surface sites, permanent and temporary access roads and other rights-of-way and easements (the "Easements") on, over, across and under the tracts of land in Brazoria County, Texas ("Property" or "Properties"), which are described below and identified, described and depicted on **Exhibit A** attached hereto and incorporated herein, and for such other legal and equitable relief as may be appropriate, specifically including injunctive relief allowing FGT to immediately enter the Properties to clear the Easements and commence and complete construction and restoration efforts and operate and maintain the pipeline facilities described in paragraph 3 below while the proper amount of compensation for the taking is resolved in this action.

**JURISDICTION, VENUE, AND AUTHORITY FOR TAKING**

1.     This is a civil action for the taking of property interests under the power of eminent domain and for the determination and award of just compensation to the landowners and other parties claiming interest as identified on **Exhibit A** and incorporated herein.  The authority for the taking is 15 U.S.C. § 717f(h), which grants federal jurisdiction.  Additionally, jurisdiction exists under 28 U.S.C. §1331, because this action arises under the laws of the United States, and under 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating interstate commerce.

2.     Since the 1950s, FGT has operated an interstate natural gas transmission infrastructure in Texas and other states, authorized initially under the Federal Energy Regulatory Commission ("FERC") Dockets Nos. G-9262 and G-9960, *et al*, in order to meet the demand for transportation capacity for deliveries of natural gas to industrial loads, power generators, local distribution companies and other market outlets on the Gulf Coast and Florida, including natural gas pipeline facilities in Brazoria County, Texas. On November 10, 1982, the FERC issued to FGT a blanket Certificate of Public Convenience and Necessity under Docket Nos. CP82-553-000, authorizing FGT "to conduct many routine activities and abandon facilities and service on a self-implementing basis without further authorization by the Commission" (the authorizations under said Dockets and said blanket certificate being collectively referred to as the "Certificate"). A true and correct copy of the Certificate is attached hereto as **Exhibit B** and incorporated herein.

3.     On June 7, 2022, in accordance with the requirements of 18 C.F.R. §157.205(h), FERC authorized under blanket Certificate in FERC Docket CP22-142-000,

construction of approximately 2.0 miles of 12-inch-diameter lateral pipeline, a meter and regulation station and appurtenant facilities in Brazoria County, Texas, and modification and uprating of the existing compressor station unit in Matagorda County, Texas to deliver up to 68,000 million British thermal units per day of firm transportation capacity to Brotman Generating, LLC's peak-power generation plant capable of providing up to 288 megawatts of generation for the Electric Reliability Council of Texas and Greater Houston area electricity markets during peak-demand times, including during severe heat waves and winter weather events (the "Brazoria County Project"). The Brazoria County Project represents an $11 million capital investment of private funds for public infrastructure under the NGA. As part of the authorization of the Brazoria County Project, on May 27, 2022, FERC issued its Environmental Assessment Report ("EA"), in which it concluded that approval of the Brazoria County Project "would not constitute a major federal action significantly affecting the quality of the human environment. The Project would be consistent with the requirements of sections 157.205, 157.208, 157.210, and 157.211 of the Commission's regulations." *See* Ex. B at p. 76. A true and correct copy of the EA is attached hereto in **Exhibit C** and incorporated herein.

4.     FGT is scheduled to begin construction work in connection with the Brazoria County Project in August, 2022, and must place it in-service by December 1, 2022, in order to be able to meet contractual deadlines and to be in a position to supply natural gas for electric generation purposes during the 2022-2023 winter months and thereafter.

5.     FGT cannot construct the Brazoria County Project until it acquires certain permanent and temporary Easements on, over, across and under the Properties. These

Easements are necessary for FGT to commence and complete the construction, and then to operate and maintain the Brazoria County Project. FGT has not been able to acquire the necessary Easements from the Defendants included in this Complaint.

6.      Pursuant to 15 U.S.C. § 717f(h), the compensation demanded or claimed by the owner or owners of each tract to be burdened by the Easements on, over, across and, or under each such tract exceeds $3,000.00, as does the amount offered by FGT for such Easements.

7.      FGT has not been able to acquire by contract, and/or is unable to agree as to the amount of compensation to be paid for the Easements that will burden the lands owned by the Defendants (as hereinafter defined).

8.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because all of the Properties that are the subject of this action are situated within this judicial district, and it is proper to join in this action all of the Properties identified on **Exhibit A** and to join in this action all of the Defendants.

## PARTIES

9.      FGT is a natural gas company as defined by Section 2(a) of the Natural Gas Act, 15 U.S.C. § 717(a)(6). FGT is a Delaware limited liability company with a principal place of business at 1300 Main Street, Houston, Texas, 77002.  It is registered to do business in, and is engaged in business in, the State of Texas and within this federal district.

10.     FGT is a company organized for the purpose, among other things, of transporting natural gas in interstate commerce through pipes and conduits, and is an interstate natural gas company within the meaning of the Natural Gas Act, 15 U.S.C. §§ 717a(6) and (1), and as such, is qualified to construct, install, own, operate and maintain

pipelines for the transmission of natural gas in interstate commerce.

11.     Pursuant to the Certificate, the FERC has determined that FGT's pipeline system will serve the public convenience and necessity by, among other things, providing the public with a safe and reliable interstate pipeline system for the transportation of the domestic supply of natural gas to facilities in the Gulf Coast region and Florida. **Exhibit B**, at p.36.  The Easements sought herein are needed by FGT to survey, construct, lay, maintain, inspect, erect, alter, operate, protect, repair, replace with same or lesser size pipe, remove and, or abandon in place the Pipeline and Facilities for the transportation of natural gas in interstate commerce and to fulfill the public purposes for which the Certificate was issued.

12.     The persons and, or entities known or whose names could be ascertained by a reasonably diligent search of the records as owning or claiming any interest in the Properties on, over, across and, or under which the Easements are to be situated as identified, depicted or described on **Exhibit A**, are collectively referred to herein as "Defendants."

13.     There may be others, who have or may claim some interest in the Properties, whose names could not be ascertained by a reasonably diligent search of the records. These persons and/or entities are made parties to this action under the designation of "Unknown Owners" pursuant to Federal Rule of Civil Procedure 71.1(c)(3).

14.     The property interests sought for such Easements, as well as the location of all the Easements sought to be condemned in this action are within the scope of the Certificate and the EA, and are necessary for the operation of the Brazoria County Project.

A map depicting the Brazoria County Project overall route is attached hereto as **Exhibit D** and incorporated herein.

15.     FGT has negotiated with the landowners in an attempt to purchase amicably the Easements on, over, across and under the Properties.  Furthermore, FGT has made written offers to the affected landowners for the Easements sought to be acquired before instituting this action, but such offers have been rejected, or such affected landowners have failed to respond, thereby preventing negotiations for the needed Easements.

16.     Therefore, it is necessary for FGT to exercise its right of eminent domain under Section 717f(h) of the Natural Gas Act, 15 U.S.C. §717f(h), to acquire the needed Easements for the construction, operation and maintenance of the Brazoria County Project.

17.     The construction schedule for the construction of the Brazoria County Project is limited and involves a complex logistical effort that will require the careful coordination of various crews performing different stages of work sequentially in an assembly-like fashion along the construction corridor at a rate (distance per day) that is affected by topography, road, water bodies and other factors.

18.     To meet the need of its shippers and those of its shippers' customers, while at the same time complying with applicable regulations and FGT's obligations as set forth in the Certificate and the EA, FGT must begin various pre-construction activities, and then construction,  immediately.

19.     Timing is of the essence, and maintaining the project schedule is critical, as any delay in commencing and completing pre-construction and construction activities on the Brazoria County Project will likely prevent FGT from meeting the needs and requirements of its shippers and its shippers' receiving customers and the needs of the

public for electricity generated from the gas transported through the Brazoria County Project, while at the same time complying with its FERC obligations under the Certificate.

### COUNT ONE: CONDEMNATION OF PROPERTY INTERESTS TO BE ACQUIRED AND PROPERTY USE

24.     The interests to be acquired by FGT are non-exclusive perpetual thirty feet (30') wide permanent pipeline rights-of-way and easements (the "Permanent Pipeline Easements") as same are identified, described and depicted on **Exhibit A** hereto, to survey, construct, lay, maintain, inspect, erect, alter, operate, protect, repair, replace with same or lesser size pipe, remove and, or abandon in place one pipeline in the thirty feet (30') wide permanent easements more fully identified, described and depicted on **Exhibit A** hereto, said pipeline being not to exceed 12 inches in nominal inside diameter excluding any protective coating or wrapping (the "Pipeline"), and located within such Permanent Pipeline Easements, together with such below ground valves (unless a surface site easement is identified on **Exhibit A** and therefore sought, in which case, FGT seeks to have the right to place both the valve, meter, regulation, measurement, launchers and receivers and related equipment and facilities above and below ground), thereon as described below. FGT also seeks the right to place within the Permanent Pipeline Easements below ground fittings, and below ground wires, cables, and other equipment and appurtenances, and above ground corrosion control devices, cathodic protection test leads and control devices, and pipeline markers, and Tru Tracker or similar wires strung inside or outside of, but parallel to said Permanent Pipeline Easements, as may be necessary or convenient for construction, operation and maintenance of the Brazoria County Project (collectively, along with the equipment, facilities and devices and roads described in the paragraphs

below, the "Facilities"), said easements being located on, under, upon, across, and through the Properties as identified, described and depicted on **Exhibit A.**

25. FGT also seeks to condemn non-exclusive temporary workspaces and additional temporary workspaces identified, described and depicted on **Exhibit A** hereto (collectively, the "Temporary Workspace Easements").  Each of the foregoing Temporary Workspace Easements shall be used by FGT solely for the initial construction of the Pipeline and Facilities in the Permanent Pipeline Easements and Surface Site Easements and for the restoration and remediation of the land after initial construction and shall expire upon completion of the initial construction and restoration and remediation of the Brazoria County Project or upon the expiration of twenty-four months from the commencement of construction in the county in which the Temporary Workspace Easement at issue is located, whichever occurs first. Thereafter, all of FGT's privileges and rights on or to use of the Temporary Workspace Easements shall terminate.

26.   FGT also seeks to condemn exclusive perpetual permanent surface easements (collectively, the "Surface Site Easements") to be used solely for the Brazoria County Project for the purpose of constructing, maintaining, operating, removing, changing the size of, relocating, replacing, protecting and repairing both surface and subsurface pipelines, pumps, launching-receiving equipment, flares, communication equipment, generators, dehydrators, separators, valves, risers, electrical equipment (including but not limited to MCC Buildings/transformers/substations/generators), electrical lines, wires, cables, meters, meter houses, meter runs, buildings and any and all other devices, equipment and structures incident or necessary to the regulation, control, measurement, treatment, transportation and distribution of natural gas, to the extent

identified, described and depicted on **Exhibit A** hereto, together with the right to enclose said easements by fences and the further right, at the expiration of the use of said easements for one or more of such purposes, to retain possession and control of said property for a reasonable period of time thereafter within which to remove said pipelines and all other facilities of whatever character or description placed or constructed by FGT upon said easements.  FGT shall have no right to place any compressors on the Surface Site Easements unless specifically identified on the plats attached hereto as part of **Exhibit A.** FGT, at its option, shall have the right to erect and maintain around, but within the Surface Site Easements, a security fence.

27.     FGT also seeks to condemn non-exclusive (1) permanent road access easements ("Permanent Road Access Easements"), and (2) during the initial construction of the Pipeline or Facilities only, temporary road access easements ("Temporary Road Access Easements"), to the extent identified, described and depicted on **Exhibit A,** to be used by FGT solely for the purpose of ingress and egress to and from public roads and other easements to which FGT has the right of access to and from the Permanent Pipeline Easements, the Temporary Workspace Easements and the Surface Site Easements.  The Temporary Access Easements shall expire upon completion of the initial construction and restoration of the Brazoria County Project or the expiration of twenty-four months from the commencement of construction in the county in which the Temporary Road Access Easement as issue is located, whichever occurs first.  FGT shall not prevent the owner of the lands burdened with the Permanent Road Access Easements and, or the Temporary Road Access Easements from utilizing the roadways within such Easements.  With respect to the Temporary Road Access Easements, FGT will, prior to termination of same, restore

the roadways located within such easements to the same or better condition that existed immediately prior to FGT's use thereof, to the extent reasonably practicable.  With respect to the Temporary Road Access Easements (while same are in effect) and the Permanent Road Access Easements, FGT shall have the right to use, repair, improve and, or maintain any existing roads located therein and, or to construct, use, repair, improve, place and, or maintain thereon new roadways, including ditches, culverts, drains and such other appurtenant facilities, and, within the Permanent Road Access Easements, construct, install, maintain and replace poles, wires and cables as are necessary to provide electricity and, or communication capabilities to the Brazoria County Project, and FGT shall maintain and upkeep to a reasonable state of repair any roads currently situated on or constructed on the Permanent Road Access Easements. The Permanent Pipeline Easements, Temporary Workspace Easements, Surface Site Easements, Permanent Road Access Easements, and Temporary Road Access Easements are collectively referred to as the "Easements."

28.     In no event is FGT seeking to condemn any rights not authorized by FERC to be condemned by FGT as reflected in the Certificate and the EA.

29.     The right to use the Easements shall belong to FGT and its agents, employees, designees, contractors, guests, invitees, successors and assigns, and all those acting by or on behalf of it for the above stated purposes.  FGT seeks the right of ingress and egress over, across and through the Permanent Pipeline Easements, the Temporary Workspace Easements (while they remain in effect), the Surface Site Easements, the Temporary Road Access Easements (while they remain in effect), and the Permanent Road Access Easements, and to access same from other rights-of-way or easements and roads, to which FGT has the right of access, for the above stated purposes and for all other

purposes necessary and at all times convenient and necessary to exercise the rights granted by the Certificate as applied and enforced by this Court.

30.      No pipeline or facilities of a permanent nature of any kind or character shall be constructed by FGT on the Temporary Work Space Easements or the Temporary Road Access Easements.

31.      Pursuant to the Easements sought herein, FGT shall have the right to construct, maintain and change slopes of cuts and fills to ensure proper lateral and subjacent support and for drainage for the Facilities, and shall have the right to remove trees, brush, crops and other vegetation and obstructions from the Permanent Pipeline Easements, Surface Site Easements, Permanent Road Access Easements, and Temporary Workspace Easements and Temporary Road Access Easements (while they remain in effect), dewater the trench (either on or off the construction right-of-way) in a manner that does not cause erosion and does not result in silt-laden water flowing into any waterbody, which dewatering structures will be removed as soon as practicable after the completion of dewatering activities.

32.      Pursuant to the Easements sought herein, FGT shall have the right to install, maintain and use gates in all fences which now cross or may cross the Permanent Pipeline Easements or which provide access to the Properties where the Easements intersect same; and FGT shall have the right to install its own lock, if FGT so chooses, and FGT and the owners of the Properties shall have access (i.e., interlocking locks) through such gates. FGT and its designated contractors, employees and invitees shall keep all gates in fences closed at all times, except when passing through same, so that cattle, horses and/or other livestock located on the Properties cannot stray from fenced pastures. FGT shall have no

right to fence or enclose the Permanent Pipeline Easements, but shall have the right to fence the Surface Site Easements. FGT shall, during the initial construction operations, maintain suitable crossings on, over, and across the Permanent Pipeline Easements.

33.     If any of the lands within the Easements are subject to valid and subsisting oil and gas leases, coal leases, surface leases, pipeline easements or easements for other purposes, FGT's Easement rights acquired hereunder from and against the owners of such leases and or, easements, are (i) acquired only to extent necessary to carry out the rights granted to FGT under the Easements sought, and (ii) to be exercised by FGT so as to not unreasonably interfere with existing rights of such owners, provided, however, that FGT shall be entitled in all events to use the Easements to carry out the purposes approved by the FERC in the Certificate and the EA. FGT has named such owners to the extent they claim some interest in the lands burdened by the Easements sought by FGT. Defendants who own any interest in a valid and existing lease and, or an easement may use lands lying within the Permanent Pipeline Easements and Permanent Road Access Easements for the uses authorized under the applicable lease and, or easement, provided such uses do not destroy or unreasonably interfere with FGT's permitted uses. As to all remaining Defendants, such Defendants (i) may use lands lying within the Permanent Pipeline Easements and Permanent Road Access Easements for all purposes which do not destroy or interfere with FGT's permitted uses of same, including, without limitation, agricultural, open space, setback, density, street, utility and roadway purposes, (ii) after review and approval by FGT, which will not be unreasonably withheld, may construct and install any and all streets and roadways and sidewalks, at any angle of not less than forty-five degrees (45°) to FGT's Facilities, across the Permanent Pipeline Easements which do not interfere

with, damage, destroy or alter the operation of the Facilities, (iii) may construct and/or install water, sewer, gas, electric, cable TV, telephone and, or other utility lines across the Permanent Pipeline Easements at any angle of not less than forty-five degrees (45°) to FGT's Facilities, across the Permanent Pipeline Easements which do not interfere with, damage, destroy or alter the operation of the Facilities, and provided that all of FGT's required and applicable spacings, including depth separation limits and other protective requirements are met, and (iv) may construct and/or install water, sewer, gas, electric, cable TV, telephone or other utility lines across the Permanent Road Access Easements so long as such construction, installation and maintenance of same does not unreasonably interfere with FGT's use of same, or damage or destroy the roads located within such easements.

34.     The use of the lands within the Easements shall be regulated by all appropriate and then applicable ordinances, regulations, resolutions or laws of any governmental entity having authority over same.  Defendants must notify FGT in writing before the construction or installation of any streets, roadways, utilities or other encroachments on, over, across or under the Permanent Pipeline Easements and, or on, over, across or under the Permanent Road Access Easements.

35.     Defendants may not use any part of the Permanent Pipeline Easements and, or the Permanent Road Access Easements if such use may damage, destroy, injure, and/or interfere with the FGT's use of same for the permitted uses hereunder. Defendants, except for those Defendants who have rights to do so under valid and subsisting leases and, or easements, are not permitted to conduct any of the following activities on the Permanent Pipeline Easements and, or the Permanent Road Access Easements without the prior written permission from FGT: (i) construct any temporary or permanent building or site

improvements, other than streets and roads as provided above; (ii) drill or operate any well; (iii) remove soil or change the grade or slope; (iv) impound surface water; or (v) plant trees or landscaping.  Notwithstanding anything herein to the contrary, no above or below ground obstruction that may destroy or materially interfere with FGT's permitted uses shall be placed, erected, installed or permitted within or upon the Permanent Pipeline Easements and, or the Permanent Road Access Easements without the prior written permission of FGT.  In the event the terms of this paragraph are violated, FGT shall have the immediate right to correct or eliminate such violation at the sole expense of party who caused the violation.  The provisions of this paragraph shall not apply to the Surface Site Easements as they are being condemned for FGT's exclusive use.

36.     FGT has the right from time to time on the Permanent Pipeline Easements, Surface Site Easements, and, or the Permanent Road Access Easements to trim, cut down or eliminate trees or shrubbery as may be necessary to prevent possible interference with the operation of the Facilities and to remove possible hazards thereto, and, except as provided above, the right to remove or prevent the construction of any and all buildings, structures, reservoirs or other obstructions on the Permanent Pipeline Easements and, or the Permanent Road Access Easements that, in the sole judgment of FGT, may endanger or interfere with the efficiency, safety, or convenient operation of the Facilities. From and after the completion of initial construction, FGT shall pay any verifiable damages that may arise to growing crops, timber, fences and other improvements from the construction, maintenance and operation of the Facilities, provided that FGT shall not be responsible for paying damages for its removal of any trees or brush (but not growing crops) or other obstructions from the Permanent Pipeline Easements or for its removal of any trees or brush

or other obstructions from the Surface Sites easements and, or the Permanent Road Access Easements as part of its routine operations to maintain thereof free from obstructions. FGT shall maintain the Permanent Pipeline Easements, Surface Site Easements and, or the Permanent Road Access Easements, and the Temporary Workspace Easements (while same remain in effect) and Temporary Road Access Easements (while same remain in effect) clear of all litter and trash accumulations.

37.     FGT does not seek to acquire any royalty, working, revenue, overriding, or other oil, gas, or mineral interests. Defendants shall, to the extent owned by Defendants, retain all the oil, gas, and other minerals in, on and under the Properties, including within the Easements; provided, however, Defendants shall not be permitted to drill or operate equipment for the production or development of oil, gas, and minerals within or on the Permanent Pipeline Easements, Surface Site Easements and, or the Permanent Road Access Easements, but Defendants shall be permitted to extract the oil, gas and minerals from and under same by directional drilling and other means, so long as such activities do not damage, destroy, injure, and/or interfere with the FGT's use, operation and maintenance of the Facilities or FGT's use of said easements for the purposes for which same are sought by FGT.

38.     Upon completion of construction, permanent fencing and tiling destroyed or disturbed by project construction activities shall be repaired and, or re-installed by FGT, at its sole expense, along substantially the same alignment, configuration and approximate location of the Defendants' existing fences and tiling system.

39.     FGT shall comply in all respects, at its sole cost, with all applicable federal, state, and local laws, rules, and regulations which are applicable to FGT's activities

hereunder, including, without limitation, the construction, use, operation, maintenance, repair and service of the Facilities.

40.     FGT shall have the right to adequately mark the Pipeline with permanent line markers, ground placards and install and maintain cathodic test leads in order to promote public safety and the future safe operation of said pipeline, and to meet applicable governmental regulations.

41.     Notwithstanding anything to the contrary herein, FGT (except for facilities on Surface Site Easements, electric poles on Permanent Road Access Easements and pipeline markers, and cathodic test leads on Permanent Pipeline Easements, which will be placed within the Permanent Pipeline Easements at road crossings, property boundaries or existing fence lines intersected by the Pipeline or Pipelines, unless required by applicable regulations to be placed at other locations within the Permanent Pipeline Easements, and pipeline vents which will be placed within the Permanent Pipeline Easements at road crossings, where required), and true tracker wires, will not construct, build, install, maintain or have any above ground structures, installations, equipment or apparatus of any kind on or within the boundaries of the Permanent Pipeline Easements or Permanent Road Access Easements.

42.     FGT hereby agrees to indemnify and hold Defendants harmless from and against any claim or liability or loss from personal injury, property damage resulting from or arising out of the use by FGT, its contractors, servants, agents or invitees, of the Easements, excepting, however, any and all claims, liabilities or damages as may be due to or caused by the acts of a Defendant, or his, her or its servants, agents or invitees.

43.     FGT shall have the right to assign its Easements to the extent allowed by applicable law, and the rights granted hereunder while in effect, may be assigned in whole or in part, to one or more assignees. The Permanent Pipeline Easements, Surface Site Easements, and the Permanent Road Access Easements sought hereunder shall be in perpetuity, and the easement provisions of this Verified Complaint, including all benefits and burdens, shall be covenants running with the land and shall be binding on FGT, Defendants, and their respective successors and assigns.

44.     It is in the public interest and necessity, as evidenced by the Certificate and the EA, that the Easements, as certificated by FERC and described herein and in **Exhibit A,** be condemned for the public purposes herein described.

45.     The intended uses of the Easements to be taken are within the authority conferred by the Certificate and the EA.

46.     Pursuant to Fed. R. Civ. P. 65(c), FGT will deposit into the Court's registry the amount required by the Court to secure Defendants compensation that will ultimately be awarded for the Easements sought, and subject to the withdrawal by Defendants on the terms specified by this Court.

### COUNT TWO: DECLARATORY RELIEF

47.     FGT incorporates by reference paragraphs 1 through 46.

48.     FGT requests the Court to declare, pursuant to 28 U.S.C. § 2201, and the Certificate issued by FERC, pursuant to the Natural Gas Act, that FGT has the substantive right to exercise eminent domain over and to condemn the Easements as outlined in this Verified Complaint and in the Certificate.

## COUNT THREE: INJUNCTIVE RELIEF

49.     FGT incorporates by reference paragraphs 1 through 48.

50.     FGT seeks an order granting it immediate entry upon the Easements identified herein.

51.     Immediate access and entry is necessary so that FGT can timely place and keep the Brazoria County Project in service and to operate and maintain the Brazoria County Project pending determination of just compensation, to meet the needs of FGT's shippers and their customers and the general public, while at the same time complying with the applicable regulations and FGT's obligations set forth in the Certificate and the EA. If FGT does not obtain immediate access and entry to the Easements it will be unable to conduct the necessary pre-construction activities, will be unable to timely place the Brazoria County Project in service to continue service for its shippers and to meet the needs of the public, and FGT will suffer immediate and irreparable harm and loss of business reputation for which it has no adequate remedy.

52.     FGT will, upon Court order, post appropriate cash deposits and bonds reflective of the total estimate of just compensation due to Defendants for the acquisition of the Easements and to satisfy additional security requirements, if any, imposed on FGT by the Court. As a result, Defendants will not be adequately secured and not harmed in any way by the grant of immediate possession.

53.     FGT has the right to condemn the Easements pursuant to the Certificate issued pursuant to the Natural Gas Act and, therefore, FGT is substantially likely to prevail on the merits of the taking.

54.     The Certificate establishes that the Pipeline and acquisition of the Easements is in the public interest.

55.     Accordingly, FGT requests the Court to enter an order granting injunctive relief to permit FGT the right of immediate entry and access upon the Easements to commence and complete the Brazoria County Project and to operate and maintain it pending the final determination of just compensation.

### CIVIL RULE 71.1(D) NOTICES

56.     Pursuant to Fed. R. Civ. P. 71.1(d)(1), FGT is hereby delivering to the clerk the requisite notices to the Defendants named herein, as identified in **Exhibit A**.

WHEREFORE, FGT respectfully prays that this Honorable Court:

a.      Deem the Notice submitted herewith pursuant to Federal Rule of Civil Procedure 71.1(d) to be good and sufficient;

b.      Order that said Notice be served on the Defendants in a manner set forth by Federal Rule of Civil Procedure 71.1(d)(3);

c.      Recognize and declare FGT's right to appropriate, through eminent domain, the Easements;

d.      Enter an order granting FGT immediate entry onto and access of the Easements identified and described herein prior to the determination of just compensation upon the posting of security required by the Court to begin pre-construction activities and construction of the Brazoria County Project and to operate and maintain it while the issue of just compensation for the taking is resolved by this Court;

e.      Appoint a commission for the determination of just compensation on the

takings pursuant to Fed. R. Civ. P. 71.1(h)(2);

f.      Enter judgment and order(s) of taking in favor of FGT awarding FGT the

        Easements identified and described herein; and

g.      Issue all necessary and/or appropriate orders and decrees, and for all other

        general, equitable and legal relief as the Court deems just and proper.

Respectfully submitted this 5th day of July, 2022,

**ZABEL FREEMAN**

*/S/ Thomas A. Zabel*
Thomas A. Zabel (Attorney in Charge)
Texas Bar No. 22235500
FBN 12160
tzabel@zflawfirm.com

OF COUNSEL:

James A. Freeman
Texas Bar No. 00796580
FBN 21048
jfreeman@zflawfirm.com
Vadim O. Bourenin
Texas Bar No. 24076284
FBN 3146033
vbourenin@zflawfirm.Com
1135 Heights Boulevard
Houston, Tx 77008
713-802-9117 (Telephone)
713-802-9114 (Facsimile)

**ATTORNEYS FOR PLAINTIFF,**
**FLORIDA GAS TRANSMISSION COMPANY, LLC**

## VERIFICATION

STATE OF TEXAS          :
                                  :     SS
COUNTY OF HARRIS     :

I, Steven M. Futch, after being duly sworn, depose and state:

1. I am the Vice-President—Interstate Engineering, for the Florida Gas Transmission Company, LLC ("FGT").

2. I am the person responsible for supervising FGT's efforts to acquire the Easements and other interests needed for the Brazoria County Project and overseeing overall construction of the Brazoria County Project.

3. I am authorized and qualified to make this verification on behalf of FGT based on my personal knowledge of the factual matters set forth in the above Verified Complaint.

4. I have read the foregoing Verified Complaint and am familiar with its contents.

5. The statements of fact contained in the Verified Complaint are within my personal knowledge and are true and accurate.

By: _____
            Steven M. Futch

ERICA LYNN MILBURN
ID #130362183
My Commission Expires
September 24, 2023

Sworn to and subscribed before me this 1st day of July , 2022.

_____
Notary Public in and for the State of Texas