**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC,** | § | |
| ***Plaintiff*,** | § | **Case Number: 3:22-cv-236** |
| **vs.** | § | **Judge: J. BROWN** |
| **1.77 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 9.55 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, 0.05 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT AND 0.35 ACRES OF LAND, MORE OR LESS, PERMANENT ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-001.000, *et al*,** | § | |
| ***Defendants*.** | § | |

**[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER GRANTING MOTION TO CONFIRM CONDEMNATION AUTHORITY AND AWARDING IMMEDIATE POSSESSION**

Now before the Court is Plaintiff Florida Gas Transmission Company, LLC's Motion for an Order Confirming Condemnation Authority and Awarding Immediate Possession of the Easements Sought under Fed. R. Civ. P. 56 and 65(a) (Doc. No._). The Court held an evidentiary hearing on Plaintiff's motion on_____________, 2022. After having heard and considered the arguments of counsel, the pleadings, the submissions and

stipulations of the parties and the evidence presented, including the testimony of witnesses and as further reflected on the record, the Court finds that Plaintiff's motion should be granted and that, upon the deposit of certain funds and the posting of the surety bond, an order confirming condemnation authority and a preliminary injunction should be issued.

**BACKGROUND**

This is an *in rem* action for condemnation of real property pursuant to Fed. R. Civ. P. 71.1 and the Natural Gas Act, 15 U.S.C. §§717a-z (the "NGA"). Plaintiff Florida Gas Transmission Company, LLC ("FGT") is a natural gas company within the meaning of the NGA. The Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §§717a-z. Venue is proper in this District as the real property affected is located in this District. 28 U.S.C. §1391(b)(2) and 15 U.S.C. §717f(h).

FGT owns and operates an interstate natural gas transmission system in Texas and other states, authorized initially by the Certificate of Public Convenience and Necessity ]issued under the Federal Energy Regulatory Commission ("FERC") Dockets Nos. G-9262, G-9960, *et al*, in order to meet the demand for transportation capacity to deliver natural gas to facilities on the Gulf Coast and Florida. On November 10, 1982, FERC issued to FGT a blanket Certificate of Public Convenience and Necessity under Docket No. CP82-553-000, authorizing FGT "to conduct many routine activities and abandon facilities and service on a self-implementing basis without further authorization by the Commission." On June 7, 2022, a project to construct approximately 2.0 miles of 12-inch lateral pipeline and appurtenant facilities in Brazoria and Matagorda Counties, Texas, to deliver up to 68,000 million British thermal units per day of firm transportation capacity to

Brotman Generating, LLC's peak-power generation plant ("Brazoria County Project") was authorized by FERC under the 1982 blanket certificate.

On July 5, 2022, Plaintiff filed its Verified Complaint seeking condemnation under the NGA of permanent easements and temporary workspaces traversing on, over, across, under and through the Defendant properties naming as Defendants properties, persons and entities who claim an ownership or other interests in the Defendant properties, and. on July 15, 2022, FGT moved for an order to confirm its condemnation authority and for an injunctive relief granting it immediate possession of the easements it seeks prior to determination of just compensation (Doc. No. 11).

**ANALYSIS**

**A. FGT Has a Substantive Right to Condemn the Properties at Issue Under 15 U.S.C. §717f(h).**

To determine whether FGT is entitled to an order granting it immediate possession of the property interests sought, the Court must first determine that FGT has a substantive right to condemn the properties at issue. *East Tennessee Natural Gas Co., v. Sag*e, 361 F.3d 808, 825 (4th Cir.), *cert. denied*, 543 U.S. 978 (2004); *Northern Border Pipeline Co. v. 86.72 Acres of Land*, 144 F.3d 469, 471 (7th Cir. 1998) ("Northern Border II"); *Gulf Crossing Pipeline Co. LLC v. 7.50 Acres*, No. 4:08CV178, 2008 WL 2774697 at *3 (E.D. Tex. July 2008). The only material findings necessary to confirm FGT's substantive right to condemn the Easements under the Natural Gas Act, 15 U.S.C. §717f(h) are: (1) FGT holds a Federal Energy Regulatory Commission's Certificate authorizing its pipeline, (2) the easements are necessary for the pipeline, and (3) FGT has been unable to unable to

acquire the Easements by contract, and the amount claimed by the owner or owners of a tract to be burdened by one or more of the Easements exceeds $3,000. The evidence presented with the Motion conclusively establishes each of these three elements.

A natural gas pipeline company acquires power of eminent domain upon issuance of a Certificate of Public Convenience and Necessity by FERC and only when the company is unable to "acquire by contract" the necessary rights-of-way or is "unable to agree with the owner of the property to the compensation." 15 U.S.C. §717f(h). In this matter, on November 10, 1982, FERC issued a blanket certificate to FGT, authorizing FGT "to conduct many routine activities and abandon facilities and service on a self-implementing basis without further authorization by the Commission." 1982 Certificate is applicable to FGT's route through Defendant Properties on the Brazoria County Project, as necessary and convenient for the public use under the Natural Gas Act.

Once the gas pipeline company has obtained a FERC Certificate, it may, if it is unable to acquire the necessary easements by a contract, file a complaint for condemnation of the relevant property "in the [federal] district court . . . in which such property may be located." 15 U.S.C. § 717f(h). Federal Rule of Civil Procedure 71.1 governs such condemnation actions. Aggrieved parties may not "collaterally attack" the validity and conditions of FERC Certificate during a condemnation action in district court because review of the validity of the certificate is the exclusive province of the appropriate court of appeals. *See e.g.*, *Williams Natural Gas Co. v. Oklahoma City*, 890 F.2d 255, 262 (10th Cir. 1989) (so holding); 15 U.S.C. § 717r.

The Court is satisfied that, for the tracts at issue in this case, FGT has been unable to "acquire by contract" or to "agree with the owner of the property to the compensation." FGT presented evidence that it obtained independent appraisals and made offers to Defendants, all of which exceeded the appraised value of the Easement interests sought. The Court is also satisfied that the amount claimed by the owners of the properties to be condemned exceeds $3,000. *See* Andrus Affidavit, ¶10.

Accordingly, the Court finds that FGT is the holder of a Certificate of Public Convenience and Necessity issued by FERC, that FERC has authorized routine construction activities on the Pipeline, that FGT has been unable to acquire the necessary rights-of-way by agreement, and that FGT has satisfied all the requirements of the Natural Gas Act, 15 U.S.C. § 717f(h), to be vested with the power of eminent domain. The Court further finds that the interests that FGT seeks to condemn are consistent with the authority granted it by the Certificate and within the scope of such authority.

Although not styled as a partial summary judgment motion, FGT's request for confirmation of its condemnation authority is the functional equivalent of such a motion. FGT presented substantial evidence in support of its position and no contrary evidence was offered raising any issue of fact regarding that position. Therefore, the Court confirms FGT's right to condemnation of the Easements identified, described and depicted in the Verified Complaint.

**B. Motion for Injunctive Relief**

Having confirmed FGT's substantive right to condemn the Easements sought, the Court now turns to FGT's request for immediate possession. The United States Supreme

Court instructed, "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." *De Beers Consol Mines v. United States Societe Internationale Forestiere Et Miniere Du Congo et al. v. Same*, 325 U.S. 212, 220 (1945). In considering a request for preliminary injunctive relief, the Court must weigh four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *See Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 537 (5th Cir. 2013); *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014).

Federal district courts throughout the country have held that if the standard for preliminary injunctive relief is satisfied in favor of granting the relief, a pipeline company with the eminent domain authority under the Natural Gas Act prior to the trial on compensation should be granted immediate access to property to be condemned to begin construction of a pipeline. *See, e.g.*, *Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049*, 910 F.3d 1130, 1152 (11th Cir. 2018) (Every circuit that has addressed this issue has held that a preliminary injunction granting immediate access is permissible so long as the pipeline company's right to condemn the property has been finally determined, such as through the grant of a motion for summary judgment, and all other requirements for issuance of a preliminary injunction have been met) (collecting cases); *East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 825 (4th Cir. 2004) ("[W]e hold that once a district

court determines that a gas company has the substantive right to condemn property under the NGA, the court may exercise equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction.").

FGT's Motion contends that time is of the essence to begin construction of the Brazoria County Project to be able to place it in-service by December 1, 2022. If construction of the Brazoria County Project is not started in August, 2022, FGT will be unable to start transportation of natural gas to Brotman Power Plant for generation of peak-demand energy for Energy Reliability Council of Texas. FGT must meet December in-service deadlines of lose out on goodwill within the industry resulting in a detrimental impact on FGT's relationship with current and future shippers.

To meet its in-service target date, FGT is finalizing construction contracts with highly qualified and highly sought-after pipeline construction specialists. FGT contends that construction is accomplished in linear segments, with a number of different crews performing different functions as part of the overall spread. Aponte Affidavit, ¶¶17-18. Under this sequencing, each crew follows the one ahead of its from one end of the construction spread to the other." *Id.* Disruption or delay to one crew undeviatingly leads to disruption and delay to other downstream crews. *Id.*

**1. Likelihood of Success on the Merits**

Because the Court finds that FGT is entitled to exercise the right of eminent domain under the Natural Gas Act, this finding establishes, without more, a strong likelihood of success on the merits. *See Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less in Penn Twp., York Cty., Pa.*, 768 F.3d 300, 314-15 (3d Cir. 2014) (plaintiff's right of

eminent domain under the Natural Gas Act demonstrates compliance with first factor). As noted above, its request for an order confirming its right to condemn is akin to a motion for summary judgment, which request has now been granted. Because FGT has met the requirements for an order of condemnation, it has demonstrated its likelihood of success on the merits with respect to its right of possession of the properties.

**2. Irreparable Harm**

FGT has shown that it will be irreparably injured if immediate possession of the easements is not granted. Under the Fifth Circuit precedent, finding of irreparable harm exists where there is no adequate remedy at law. *Janvey v. Alguire*, 647 F.3d 585 (5th Cir. 2011). In this case, if the immediate possession is not granted, FGT will be deprived of property interests, to which it is entitled. The deprivation of an interest in real property constitutes irreparable harm. *Opulent Life Church v. City of Holly Springs Miss.*, 697 F.3d 279, 297 (5th Cir. 2012). Further, a finding of irreparable harm "exists when there is a substantial threat of material injury which cannot be adequately compensated through monetary damages." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Absent immediate possession of the property rights it seeks, FGT will suffer irreparable harm because: (1) delay to the start of construction will add significant additional cost that FGT would not be able to recover from defendants in any proceeding; (2) delay will jeopardize FGT's compliance with binding precedent agreement with gas shipper, thus causing substantial monetary losses. If FGT is not granted immediate access to the property at issue, placement of the Brazoria County Project in service will jeopardized. Moreover, delayed access to the properties along the Project route will cause delay to its contractors

and subcontractors. Given the competitive pipeline construction market, with multiple pipelines being built simultaneously, construction delays will create a serious risk that FGT's contractor's work force will move to other jobs, and a heightened risk that the contractor's leased equipment will not be available when needed.

Damages that FGT will suffer by delaying construction are difficult to estimate with any degree of reasonable certainty, but even if such reasonable estimates were possible, FGT would still be unable to recover such losses from Defendants in this condemnation action. Moreover, FGT may lose out on goodwill within the industry if it is unable to place the Pipeline in service by December 1, 2022. Accordingly, the Court finds FGT will likely suffer irreparable harm if it is not granted immediate access to the properties described in the Verified Complaint.

**3. Balancing of Harm to FGT without an Injunction vs. Harm to Defendants with an Injunction.**

Potential harm to Defendants balanced against the harm to FGT is the third factor to be analyzed. "The harm to be analyzed is not the harm of possession, since that is a given, but, rather, the harm of *immediate* possession." (Emphasis added). *Rover Pipeline LLC v. 1.23 Acres of Land*, No. 2:17-cv-10365, 2017 U.S. Dist. LEXIS 176878, at *15-16 (E.D. Mich. Mar. 10, 2017) (citing to *Tenn. Gas Pipeline Co. v. 0.018 Acre Acres*, Civ. No. 10-4465 (JLL), 2010 U.S. Dist. LEXIS 102470, at *5 (D.N.J. Sep. 28, 2010)). Any harm to Defendants inflicted by the construction of the Project will be the same regardless of when FGT is granted possession. Defendants have shown no special or particular harm that

will result from immediate possession of the properties rather than from possession at a later date.

The Court finds that granting FGT immediate possession of Defendant Properties would not cause substantial harm to Defendants because: (1) Defendants will receive just compensation for the property interests taken; (2) contrary to harming the public, it is in the public interest to ensure that pipe replacement is completed without delay; and (3) before being granted immediate possession, FGT will make an appropriate deposit and post an appropriate bond to the Court to safeguard protection of Defendants' interests, and Defendants shall have the right to withdraw those funds subject to the terms of the Court's Order, without waiving any right to argue at trial that just compensation should be higher. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 8302 (4th Cir. 2004) (rejecting the argument that possession before just compensation constitutes an inherent irreparable harm to the defendant); *Fla. Gas Transmission Co. LLC v. 2.876 Acres of Land*, No. 4:18-CV-1162, 2018 WL 4103624, at *5 (S.D. Tex. June 20, 2018) (finding that the potential harm to the pipeline company and the public outweighs any harm to the defendant landowners and citing several cases).

**4. Effect on Public Interests**

Granting FGT immediate possession of the Easements serves the public interest in a number of ways. First, the Congress passed the NGA and gave gas companies the power to condemn to ensure that consumers would have access to adequate supply of natural gas at reasonable prices. *See 1.23 Acres of Land*, 2017 U.S. Dist. LEXIS 176878, at *17 (E.D. Mich. Mar. 10, 2017). FERC's issuance of the Certificate is evidence that the Pipeline

promotes the goals of the Congress, and it is not for this Court to contradict FERC's determination in that regard. Because the Brazoria County Project promotes public interests, it is also in the public interest to complete it without delay. Second, the Court finds that the grant of injunctive relief to permit FGT to begin construction of the Brazoria County Project prior to the determination of just compensation furthers the public interest in that timely completion of the Brazoria County Project is in the best interests of natural gas users, as it will increase diversity of supply, enhance the ability of gas price management, and provide additional security and reliability of service of the FGT system. Finally, timely completion of the Brazoria County Project will assure uninterrupted supply of natural gas needed by a power-generating plant in time when extreme environmental conditions require uninterrupted supply of electric energy.

In sum, FGT's probability of success on the merits, the irreparable harm it would suffer absent injunctive relief, and the public interest in timely completion of the Pipeline outweigh any potential harm to Defendants or the public. Accordingly, FGT's request for a preliminary injunction is well taken and is hereby granted.

**IT IS THEREFORE, ORDERED:**

1. That pursuant to the Natural Gas Act, Florida Gas Transmission Company, LLC—as the holder of a valid certificate of public convenience and necessity issued by FERC—has the substantive right to condemn the easements needed for the construction of the Pipeline, as identified in the Verified Complaint on file herein.

2. That FGT is awarded injunctive relief permitting it, upon posting the deposit and bond described below, the immediate right of entry and access to the Defendant

Properties to survey, construct, lay, maintain, inspect, erect, alter, operate, protect, repair, replace with the same or lesser size pipe, remove and, or abandon in place in the thirty-foot (30') wide permanent pipeline easements, temporary workspace easements, permanent and temporary access road easements and permanent surface site easements as identified, described, and depicted in the Verified Complaint and exhibits thereto, and to exercise all of those rights and all other rights and be bound by all the terms set forth in the Verified Complaint.

    3.    That, pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j)(1), the right to immediate possession of the Easements is contingent upon FGT first depositing with the Clerk of Court an amount equal to the estimated just compensation for the Easements sought by FGT, as said estimated just compensation amounts are shown on Exhibit "A" to the Verified Complaint. Pursuant to Federal Rules of Civil Procedure 65(c), 67, and 71.1(j)(1), and as an additional prerequisite to immediate possession of each identified easement, FGT shall also post a surety bond in a total amount equal to 30% of the estimated just compensation of all identified easements as such estimated just compensation are reflected on Exhibit "A" to the Verified Complaint. This additional sum will serve as a sufficient security to protect the interests of the landowners in the event the ultimate just compensation awarded for one or more of the easements exceeds the deposited funds for such property or properties. The minimum bond amount shall not be construed as any indication of the floor or ceiling of the ultimate amount of just compensation, to which any landowner is entitled, given that the eventual compensation award by this Court, a jury, or a compensation commission may be lower, higher, or the same as this amount.

The bond shall be conditioned on the fact that FGT shall pay any and all final compensation damages in excess of the deposited amount, and if such payments are made, then the bond shall be null and void upon full payments having been made. Likewise, once full payment has been made by FGT to those parties for respective Defendant Properties and for which a cash deposit has been made, FGT shall be entitled to return of the deposited amounts that have not been used to pay just compensation to such parties.

4. Pursuant to Federal Rule of Civil Procedure 71.1(j)(2), the deposit of any funds for an identified easement shall constitute FGT's agreement that the landowner can immediately access all or any portion of the deposited funds for that property, with the understanding that such withdrawal is at the landowner's peril and that, if the ultimate compensation award is less than the amount withdrawn, the landowner will be liable for the return of the excess with appropriate interest. FGT may immediately, upon making the deposit and posting the bond required in this Order, access the easements and begin pre-construction and construction-related activities all in accordance with the terms of the Verified Complaint for the purpose of constructing, operating and maintaining the Brazoria County Project at the locations approved and certified by FERC and consistent with the Certificate, FERC regulations, and FERC construction requirements.

5. That FGT shall remit the above-recited amount to the Clerk of Court for deposit into the Registry of this Court. The Clerk shall deposit the amount received into the Registry of this Court and then, as soon as the business of his office allows, the Clerk shall deposit these funds into the interest-bearing Court Registry Investment System

(C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Federal Rule of Civil Procedure 67.

6. Upon entry of this Order, each Defendant shall be entitled to draw from the funds deposited by FGT with the Clerk of Court for its ownership share of the amount of estimated just compensation by FGT for the easement which burdens lands in which such Defendant owns or claims an interest, and provided that each such Defendant satisfies all conditions of this Order and any other Court order. Furthermore, Defendants shall be entitled to interest calculated under 28 U.S.C. § 1961 from and after the date of entry of this Order on the difference between the principal amount deposited with the Court by FGT and the amount of just compensation ultimately awarded, if such award exceeds the amount deposited by FGT. If multiple defendants claim an interest in any of the lands burdened by the easements, each Defendant claiming an interest can withdraw its proportionate share of the funds identified for that easement and attributable to its claimed interest. If there is a dispute as to any Defendant's entitlement to funds identified for a specific easement, the Court will, upon motion and order, determine each Defendant's entitlement to said funds.

7. That the parties meet and confer to propose to the Court an appropriate litigation schedule and method to resolve the compensation issues.

SO ORDERED

SIGNED on Galveston Island this ____ day of ___________, 2022.

______________________________
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

15