IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC,** | § | **CASE NO. 3:22-cv-236** |
| | § | |
| | § | |
| *Plaintiff*, | § | **JUDGE J. BROWN** |
| | § | |
| | § | |
| v. | § | **MAG. JUDGE A. EDISON** |
| | § | |
| | § | |
| **1.77 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 9.55 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, 0.05 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT AND 0.35 ACRES OF LAND, MORE OR LESS, PERMANENT ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT NO. BL12-TX-BR-001.000,** *et al*, | § § § § § § § § § § § § § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S EXPEDITED MOTION FOR ALTERNATE SERVICE ON
DEFENDANT MIKE SORRELL**

Plaintiff, Florida Gas Transmission Company, LLC, pursuant to Federal Rule of

Civil Procedure 4(e)(1) files this Motion for Alternate Service upon defendant Mike

Sorrell, owner of record of the properties described and depicted in Verified Complaint for

Condemnation and exhibits thereto as Tracts. Nos. BL12-TX-BR-006.000, BL12-TX-BR-

006.007, and a third party who may have or claims a property interest in the tract BL12-

TX-BR-006.001 ("Defendant"), and shows the Court as follows.

The undersigned counsel certifies that counsel has not sought concurrence in the relief requested by this motion because of the following exceptional circumstances:

a)     This motion pertains to service of process, and the Defendant, Mike Sorrell, has not yet filed an appearance in this matter.

b)     The relief requested in this motion is urgent, and Defendant refuses to cooperate.

Multiple attempts[1] to serve Defendant with the Rule 71.1 Notice of Commencement of a Condemnation Action (the "Notice"), Order for Conference and Disclosure of Interested Parties (the "Order") and Plaintiff's Motion for Order Confirming Condemnation Authority and Awarding Immediate Possession of Easements, and to Expedite Briefing and Hearing Schedule (the "Motion")  have been unsuccessful.  *See* Affidavit of Service by Lisa Moberg ("Ms. Moberg"), attached hereto as Exhibit A, Affidavit of Jim Guyton ("Mr. Guyton") attached hereto as Exhibit B, Affidavit of Gerardo Atilano ("Mr. Atilano") attached hereto as Exhibit C, and Affidavit of Christopher Jackson attached hereto as Exhibit D.

On July 6, 2022, Ms. Moberg attempted to serve Defendant at his business address. *See* Exhibit A. Defendant was not present. In a call to his cellphone, Defendant stated that he was in South Texas and did not know when he would be returning, and he did not want anyone at his business accepting service on his behalf.  *Id*.

On July 7, 8, 9, 13, 15 and 18, 2022, Mr. Guyton unsuccessfully attempted to serve

---

[1] Attempts to serve the Notice began on July 6, 2022; on July 8,  2022, the Order was added to the service package.  Attempts to serve the Motion began on July 15, 2022.

the Notice and the Order (the Order – starting with July 8).  *See* Exhibit B.  On July 7, 2022, Mr. Guyton attempted to serve Defendant at his property but was unable to enter Defendant's gated property with signs for no trespass posted.  *Id*.  Mr. Guyton then called Defendant on his cell phone.  During conversation by telephone, Defendant confirmed that Mr. Guyton had the correct address for his residence but stated that he was currently away in South Texas and refused to provide his location, and refused to meet to receive service. *Id*.

On July 8, 2021, Mr. Guyton again attempted service at the Defendant's residence but was unable to reach by telephone any of the people residing at the property, and could not enter the gated property.  *Id*.  Mr. Guyton again left him another a voicemail message on the Defendant's cellphone regarding the service without a response. *Id*.

On July 13, 2022, Mr. Guyton again arrived at Defendant's property and attempted to contact the residents, but was unable to arrange a meeting to serve the documents at the Defendant's residence.  *Id*.

On July 15, 2022, Mr. Guyton left a voicemail on the Defendant's cellphone asking to provide his location to coordinate service.  *Id*.  Later in the day, in a conversation by telephone, Defendant again refused to meet or provide his location for service.  *Id*.  Later, Mr. Guyton spoke by telephone with a person who may be residing at the Defendant's residence, but that person would not accept the papers on Defendant's behalf, but stated that someone would contact Mr. Guyton to arrange service, however, nobody has.  *Id*.

On July 16, 2022, Mr. Guyton called Defendants cellphone but received no answer, and no response to his voicemail.  *Id*.

On July 18, 2022, Mr. Guyton attempted to call Defendant again, however, his call was blocked and could not get through. *Id.* Defendant has not contacted the process server for an appointment to serve the Notice and the Order despite the numerous requests for said appointment. *Id.*

On July 15, 2022, Mr. Atilano sent the Notice and the Order by certified mail to Defendant's home address. *See* Exhibit C. United States Postal Service's tracking website shows that the package could not be delivered as the intended addressee was not present. *Id.*

On July 15, 2022, Mr. Christopher Jackson send Plaintiff's Motion for Order Confirming Condemnation Authority (Doc. No. 11) to Defendant's address by certified mail, return receipt requested. *See* Exhibit D. United States Postal Service's tracking website shows that an unsuccessful attempt to deliver was made on July 19, 2022, a notice of attempted delivery was left at the address. *See id.*

Federal Rule 4 provides that an individual -- other than a minor, an incompetent person, or a person whose waiver has been filed -- "may be served in a judicial district of the United States by: 1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Texas Rules of Civil Procedure 106 allows substituted service: in any manner the court determines reasonably effective to give notice to a defendant. *See* Tex. R. Civ. P. 106. The process servers' affidavits state that all of the attempts to serve Defendant with the Notice and the Order have not been successful. See Exhibits A-D. Defendant is an individual and service may be effectuated by leaving said

Notice, Order and Motion at the front door, front gate or the first "No Trespassing" sign, or at any other location that would reasonably provide a notice to Defendant.

Plaintiff has made reasonable and diligent inquiries and attempts to locate Defendant to serve him with the Notice of Commencement of a Condemnation Action, the Court's Order and the Plaintiff's Motion for Order Confirming Condemnation Authority. In light of the process servers' inability to perfect service Plaintiff respectfully requests an expedited order allowing service of the Notice of Commencement of a Condemnation Action, the Order and the Motion for Order Confirming Condemnation Authority,   upon Defendant by attaching the same at the front gate or the first "No Trespassing" sign of the Defendant's residence at 4060 US Highway 83, Leaky, Texas 78873, or alternatively, by service, upon a person older than sixteen at the place of Defendant's business at 2101 Highway 523, Freeport, TX 77541.

Respectfully submitted,

**ZABEL FREEMAN**

/s/ *Thomas A. Zabel*
Thomas A. Zabel (Attorney in Charge)
Texas Bar No. 22235500
FBN 12160
tzabel@zflawfirm.com
1135 Heights Boulevard
Houston, TX 77008
713-802-9117 (telephone)
713-802-9114 (facsimile)

**Of Counsel**:
James A. Freeman
Texas Bar No. 00796580

jfreeman@zflawfirm.com
Vadim O. Bourenin
Texas Bar No. 24076284
FBN 3146033
vbourenin@zflawfirm.com
1135 Heights Boulevard
Houston, TX 77008
713-802-9117 (telephone)
713-802-9114 (facsimile)

**ATTORNEYS FOR PLAINTIFF**
**FLORIDA GAS TRANSMISSION COMPANY, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via ECF to counsel for those Defendants for whom appearances have been entered.  The above motion and attachments will also be mailed via certified mail, RRR, to Defendant, subject of the foregoing Motion.

*s/ Thomas Zabe*l
Thomas A. Zabel