IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **FLORIDA GAS TRANSMISSION COMPANY, LLC,** | § § § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | |
| **1.77 ACRES OF LAND, MORE OR LESS, PERMANENT EASEMENT (PIPELINE RIGHT-OF-WAY), 9.55 ACRES OF LAND, MORE OR LESS, TEMPORARY WORK SPACE, 0.05 ACRES OF LAND, MORE OR LESS, TEMPORARY ACCESS ROAD EASEMENT AND 0.35 ACRES OF LAND, MORE OR LESS, PERMANENT ACCESS ROAD EASEMENT IN BRAZORIA COUNTY, TEXAS, TRACT No. BL12-TX-BR-001.000, et al.** | § § § § § § § § § § § § § § § | **CIVIL ACTION NO. 3:22-cv-00236**<br><br>**JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

### DEFENDANT MIKE SORRELL'S UNOPPOSED MOTION FOR PARTIAL RELEASE OF FUNDS IN THE COURT'S REGISTRY

Comes now, Mike Sorrell ("Sorrell"), Defendant in the above-entitled and numbered cause, and files this, Defendant Mike Sorrell's Unopposed Motion for Partial Release of Funds in the Court's Registry, and would show unto the Court as follows:

Background and Argument

On August 15, 2022, after hearing and consideration, the Court entered an Order whereby the Plaintiff, in order to take possession so as to undertake its pipeline construction was required to deposit certain funds into the Court's registry with the understand that same would be available for withdrawal by the Defendants. See Exhibit A, Order of Court. The Court and parties

1

contemplated that, in order for Plaintiff FGT to take possession and begin construction of the pipeline immediately, it needed to commensurately immediately compensate the property owners with available funds. In compliance with the Court's order, the Plaintiff deposited said base amount of funds into the Court's registry.

Now, Defendant Sorrell would like to withdraw his portion of the deposited funds. Per the Court's Order and the Plaintiff's initial valuation, Defendant Sorrell is entitled to withdraw SIX HUNDRED FOUR THOUSAND TWO HUNDRED SIXTY-THREE DOLLARS ($604,263.00) (plus interest) of the deposited funds. See Exhibit B, Valuation prepared by Plaintiff FGT.

The Court's Order contemplates this sort of interim withdrawal before a final adjudication of value. Specifically, the Court's Order states as follows:

> 5. Pursuant to Federal Rule of Civil Procedure 71.1(j)(2), the deposit of any funds for an identified easement shall constitute FGT's agreement that the landowner by court order can immediately access all or any portion of the deposited funds for that property, with the understanding that such withdrawal is at the landowner's peril and that, if the ultimate compensation award is less than the amount withdrawn, the landowner will be liable for the return of the excess. FGT may immediately, upon making the deposit and posting the bond required in this Order, access the easements and begin pre-construction and construction-related activities all in accordance with the terms of the Verified Complaint for the purpose of constructing, operating and maintaining the Brazoria County Project at the locations approved and certified by FERC and consistent with the Certificate, FERC regulations, and FERC construction requirements.
>
> 6. That FGT shall remit the above-recited amount to the Clerk of Court for deposit into the Registry of this Court. The Clerk shall deposit the amount received into the Registry of this Court and then, as soon as the business of his office allows, the Clerk shall deposit these funds into the interest-bearing Court Registry Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Federal Rule of Civil Procedure 67.
>
> 7. Upon entry of this Order, each Defendant shall be entitled to draw from the funds deposited by FGT with the Clerk of Court for its ownership share of the amount of estimated just compensation by FGT for the easement which burdens lands in which such Defendant owns or claims an interest, and provided that each such Defendant satisfies all conditions of this Order. Furthermore, Defendants shall be entitled to interest calculated under 28 U.S.C. § 1961 from and after the date of entry of this Order on the difference between the principal amount deposited with the Court by FGT and the amount of just

compensation ultimately awarded, if such award exceeds the amount deposited by FGT. If multiple defendants claim an interest in any of the lands burdened by the easements, each Defendant claiming an interest can withdraw its proportionate share of the funds identified for that easement and attributable to its claimed interest. If there is a dispute as to any Defendant's entitlement to funds identified for a specific easement, the Court will, upon motion and order, determine each Defendant's entitlement to said funds.

See Exhibit A.

<u>Conclusion and Prayer</u>

Plaintiff has complied with the Court's Order and put the requisite funds in the Court's registry. Defendant Sorrell is now seeking release of his portion of those funds to him.

Wherefore, premises considered, Defendant Sorrell prays that the Court order the release of the funds in the amount of SIX HUNDRED FOUR THOUSAND TWO HUNDRED SIXTY-THREE DOLLARS ($604,263.00), plus any accrued interest, to his counsel as identified below.

Respectfully submitted,

HANSZEN✦LAPORTE

By:    <u>/s/ Anthony L. Laporte</u>
      **Anthony L. Laporte**
      Texas Bar No. 00787876
      Fed. Court No. 21701
      alaporte@hanszenlaporte.com
      14201 Memorial Drive
      Houston, Texas 77079
      Telephone: (713) 522-9444
      Facsimile: (713) 524-2580

      **ATTORNEY FOR DEFENDANT**
      **MIKE SORRELL**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing was served on August 30, 2022, pursuant to the Federal ECF filing system and/or by certified mail and/or by facsimile and/or by hand delivery to all counsel of record, including those listed below.

    Thomas A. Zabel
    tzabel@zflawfirm.com
    James A. Freeman
    jfreeman@zflawfirm.com
    Vadim O. Bourenin
    vbourenin@zflawfirm.com
    1135 Heights Boulevard
    Houston, Texas 77008
    Telephone: 713-802-9117
    Facsimile: 713-802-9114
    ***Counsel for Plaintiff***

                                        By: */s/ Anthony L. Laporte*
                                             ANTHONY L. LAPORTE